## HAMILTON *v.* WOOD.

A defendant to a bill of discovery in aid of an action at law is restricted by his answer to the matters inquired about. He cannot, though at his own expense, set up matter in bar to the relief at law. He is in the situation of a witness, having the right to tell the whole truth and explain fully, but not to go into matter not called for.

August 7.
1837.

Pleading.
Answer to
bill of dis-
covery.
Exceptions.

BILL of discovery to aid an action at law. Exceptions had been taken to the answer for impertinence as well as insufficiency, and the cause came before the court on exceptions to the master's report allowing them.

Mr. *J. Hoyt*, for the defendant.

Mr. *Anthon*, for the complainant.

1837.

HAMILTON
*v.*
WOOD.

Dec. 4.

THE VICE-CHANCELLOR :—This is purely a bill of discovery to aid the defence of a suit at law. To the defendant's answer twelve exceptions are taken for impertinence, all of which have been allowed by the master, and to the allowance of which an exception is taken to his report.

Five exceptions were also taken for insufficiency, and all of them have been allowed save one ; and exceptions to the report also have been had as to these.

This being a bill for discovery and the complainant bound to pay the expense of obtaining it, it would seem but reasonable that he should pay for no more in the answer than the bill calls for.

But the question is, whether a defendant has not still the right, at his own expense, to set out more in his answer than is responsive or fairly within the scope of the discovery sought ?

I consider he has not. As the bill is not for relief, it cannot be necessary for the defendant to set up any thing in bar or by way of avoidance of relief. The object of a bill of discovery is to obtain admissions of the defendant upon matters of fact, in relation to which the party exhibiting the bill is unable to produce evidence on the trial at law ; and the defendant, in making the disclosure, must be confined to these particular facts. Of course he must be allowed to tell the whole truth and explain fully his meaning, as a witness under examination may do ; but as a witness has no right to go into a statement of matters not called for or inquired about, so, a defendant in a bill of discovery has no right to set up new and distinct facts in order to make his answer evidence for him as to such facts as well as against him with respect to his admissions. I think this must be the rule in such cases ; and the first twelve exceptions may be said to fall within it.

But the parts of the answer excepted to in this case as impertinent may, as it appears to me, be disposed of on another ground : that they are entirely uncalled for and are useless even to the defendant. I do not see how such matters can avail him or be admitted as evidence on the trial ; and if he

could not give them in evidence there, they can be of no importance in this answer.

I consider the master has decided correctly in allowing the exceptions for impertinence.

Then, as to those for insufficiency, I am also of opinion, from an examination of the bill and answer, that these exceptions are likewise well taken.

Order accordingly, overruling exceptions to the master's report, with costs.